ULMAN, Appellant,

v.

CLYDE SUPER VALU, Appellee.

[Cite as *Ulman v. Clyde Super Valu* (1989), 62 Ohio App.3d 858.]

Court of Appeals of Ohio,
Sandusky County.

No. S–88–48.

Decided Sept. 22, 1989.

*W. Patrick Murray,* for appellant.

*Gregory L. Williamson,* for appellee.

HANDWORK, Presiding Judge.

This is an appeal from a November 10, 1988 journal entry of the Sandusky County Court of Common Pleas, which entered judgment for defendant in an intentional tort lawsuit. The facts leading to the filing of the lawsuit, and ultimately to this appeal, can be summarized as follows.

On July 20, 1987, appellant, Mary Jo Ulman, was an employee of appellee, Clyde Super Valu, and was working in the meat department of appellee's store in Clyde, Ohio. Appellee requested permission to leave work early and was told she could leave after she prepared cube steaks. In order to prepare the cube steaks, appellant was required to use a meat cuber which was provided by appellant. The design of the meat cuber included a safety shield with magnets, which had to be connected to magnets installed on the cuber itself, before the machine would operate. The purpose of the shield was to prevent persons operating the cuber from placing their hands near the rolls with blades which made up part of the cuber. Sometime previous to July 20, 1987, the shield was cracked and broken, and the magnets were removed from the shield and taped to the magnets on the cuber, so that the machine would operate without the shield. The manager of the meat department was aware that the shield was broken. As a result of operating the cuber without the protective shield, appellant caught three fingers of one hand in the machine, sustaining injuries.

Appellant filed a complaint in the Sandusky County Court of Common Pleas, alleging appellee was liable for an intentional tort. Appellant included a jury demand with the complaint. Appellee filed a motion to strike jury demand, which was granted, and the case proceeded to trial before the court without a jury. Following proceedings, the court entered judgment in favor of appellee, and appellant timely filed this appeal.

Five assignments of error are presented to this court for review. The five assignments of error read as follows:

"I. The judgment of the court is against the manifest weight of the evidence.

"II. Under Article I, Section 5 of the Ohio Constitution, the parties to civil litigation have a constitutional right to a jury trial. The court erred in denying the plaintiff a jury trial.

"III. R.C. 4121.80 violates Article I, Section 2 of the Ohio Constitution and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, by setting up a state insurance fund for reimbursing employers for their intentionally tortious and criminal conduct. The lower court erred in applying this section in this cause.

"IV. Since the original Workers' Compensation Act necessitated a constitutional amendment, R.C. 4121.80 also requires a constitutional amendment. The statute is unconstitutional.

"V. The Ohio Constitution confers judicial power on the courts and legislative power on the General Assembly. Under the doctrine of separation of powers, judicial powers are restricted to the judiciary. R.C. 4121.80 violates the separation of powers doctrine and is unconstitutional."

This court will address the second assignment of error first. Appellant alleges that R.C. 4121.80, which governs intentional tort actions by employees against their employer, violates Section 5, Article I of the Ohio Constitution, by eliminating the right to a jury trial on the issue of liability. R.C. 4121.80(D) states, in pertinent part:

"In any action brought pursuant to this section, *the court* is limited to a determination as to whether or not the employer is liable for damages on the basis that the employer committed an intentional tort. If *the court* determines that the employee * * * is entitled to an award * * * the industrial commission shall, after hearing, determine what amount of damages should be awarded." (Emphasis added.)

In a recent decision interpreting the language of R.C. 4121.80(D), the Supreme Court of Ohio stated: "Upon review, we reject the suggestion that the term 'court' encompasses the jury so as to preserve the latter's role, and find that R.C. 4121.80(D) destroys the right altogether." *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746. However, the *Kneisley* court never addressed the question presented here, of whether elimination of a jury trial under R.C. 4121.80(D) is constitutionally sound. Therefore, while it is clear that R.C. 4121.80(D) does not provide for a jury to determine liability in an intentional tort case brought against an employer, the constitutionality of this portion of R.C. 4121.80(D) remains undetermined.

 As appellant points out, the Constitution of the state of Ohio contains a guarantee of a right to a jury trial, which states: "The right of trial by jury shall be inviolate .* * *." Section 5, Article I, Ohio Constitution.

Longstanding precedent from the Supreme Court of Ohio limits this constitutional guarantee of a right to a jury trial to those causes of action which: (1) have a statutorily conferred right to a jury, or (2) were traditionally recognized as jury trials at common law, prior to the adoption of the Ohio Constitution. *Kneisley, supra,* 40 Ohio St.3d at 356, 533 N.E.2d at 745–746. Since there is no legislatively created right to a jury under R.C. 4121.80(D), the only remaining question is whether a right to a jury existed at common law, prior to the adoption of the Constitution of Ohio, for intentional torts committed by an employer. For the following reasons, we answer the latter inquiry in the affirmative.

In 1982, the Supreme Court of Ohio expounded upon the right to sue an employer for an intentional tort. *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, certiorari denied (1982), 459 U.S. 857, 103 S.Ct. 127, 74 L.Ed.2d 110. In subsequently released decisions, the Supreme Court of Ohio has made it clear that the right to sue an employer for an intentional tort is a right which existed at common law, prior to the adoption of the Constitution of Ohio, which was recognized as an action properly heard by a jury. See, *e.g., Kneisley, supra,* 40 Ohio St.3d at 357, 533 N.E.2d at 746–747; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 109–113, 522 N.E.2d 489, 498–502.

In *Van Fossen,* the Supreme Court of Ohio presented a comprehensive discussion of the historical background of *Blankenship, supra,* and another leading case in Ohio dealing with intentional torts in the workplace, *Jones v. VIP Dev. Co.* (1988), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046, and their progeny. In the course of its discussion, the *Van Fossen* court indicated that common law permitted employees to sue employers where fault was alleged and proved. *Van Fossen, supra,* 36 Ohio St.3d at 109, 522 N.E.2d at 498. Workers' compensation statutes were passed to ensure that workers received payment for injuries sustained in the workplace. In exchange, workers relinquished their right to bring common-law negligence actions against employers. Fault-based actions, recognized at common law, were still available as remedies for employees who were injured by employers, a fact recognized by the 1911 workers' compensation legislation, which specifically reserved the right for employees to sue employers for "willful acts." *Id.* at 110, 522 N.E.2d at 499. Accordingly, the *Van Fossen* court stated:

" * * * [A] general review of the workers' compensation laws in this country supports the conclusion that these Acts were not intended to shield an employer from common-law tort liability for injuries he intentionally and maliciously inflicted upon his employees." *Id.* at 111–112, 522 N.E.2d at 500.

The Supreme Court of Ohio delved further into the topic of the historical background relating to intentional torts in the workplace in *Kneisley, supra.* After outlining the development of such actions as trespass at common law, and the extension of common-law causes of action to residents of Ohio as early as 1787, when Ohio was still part of the Northwest Ordinance, the *Kneisley* court stated:

"We thus determine that the right to a jury trial in trespass actions existed in this state at common law, and now extends to its progeny—in this case, intentional tort actions." *Id.,* 40 Ohio St.3d at 357, 533 N.E.2d at 746.

In light of the fact that the Supreme Court of Ohio has made it so clear that a jury trial right existed at common law, prior to the adoption of the Ohio Constitution, for injuries intentionally inflicted by employers on employees, this court has no recourse but to find that the denial of a trial by jury on the issue of liability in intentional tort cases, as set forth in R.C. 4121.80(D), is unconstitutional. We note that in doing so, we join the Eleventh District Court of Appeals, which reached a similar result in *Palcich v. Mar Bal, Inc.* (Dec. 24, 1987), Geauga County App. No. 1394, unreported, 1987 WL 31715. We find the second assignment of error well taken and remand this cause to the Sandusky County Court of Common Pleas for a jury trial.

Assignments of Errors No. III, IV, and V all address constitutional questions which were not raised in the court below. Therefore, this court finds these assignments of error not well taken, and declines to address them. See *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, at the syllabus.

Finally, this court finds that its decision to remand this cause for a jury trial renders the first assignment of error moot. We therefore find the first assignment of error not well taken.

On consideration whereof, the court finds substantial justice has not been done to the party complaining, and the judgment of the Sandusky County Court of Common Pleas is reversed, and this cause is remanded for a jury trial. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

CONNORS and GLASSER, JJ., concur.